# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY-STEVEN WRIGHT, | CV F   06-1365 OWW DLB HC |
| Petitioner, | ORDER REGARDING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 1] |
| UNITED STATES OF AMERICA, et.al., | |
| Respondents. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on October 5, 2006, along with several miscellaneous motions.  (Court Docs. 1, 4, 5, 8, 9, 10.)

Although Petitioner filed his petition under § 2241, it is unclear whether Petitioner is entitled to, or even properly seeking, relief under that section.  In his petition, Petitioner lists nine grounds for relief, as follows: (1) "This 28 U.S.C. § 2241 is to be filed in the 'Green File' 'Miscellaneous' 'the Evidence File' 'The ARTICLE III Constitutional Court' with a de jure Judge-Article III."; (2) "Your Petitioner's Liberty & Property is under 'IMMEDIATE & FUTURE THREAT & AT STAKE' without due process of law."; (3) "Sovereign Secured Party/Creditor Petitioner is illegally, unlawfully detained by FRAUDULENT 'BONDS' without my Knowledge or Consent which were used to underwrite my time in prison by Respondent(s) agent Michael P. Norris."; (4) "Respondent(s) have ADMITTED Crimes of FRAUD, PIRACY [sic], RICO, BLACKMAIL & EXTORTION against Sovereign Secured Party/Creditor Petitioner

VIA TACIT PROCURATION in bad faith by dishonoring & defaulting failed and/or refused in providing Petitioner with fiduciary tax return covering 'MY' exemption(s) 47-1865165 & #4:01-CR-3040 'TO COVER UP FRAUD CLAIMS' to maliciously hold this Sovereign in forced peonage. . and to de fraud Petitioner by making fraud tax claims on petitioner's exemtions [sic]."; (5) "Respondent(s) et al have admitted by tacit consent they have no authority or jurisdiction and no valid judgment or "BOND" to detain Petitioner of his liberty."; (6) "Petitioner Anthony-Steven, is illegally & unlawfully held in peonage/captive in a debtor's prison, I am a Secured Party/Creditor, Holder-In-Due-Course, and claim Sovereign and diplomatic immunity and have never been served with process in Respondent(s) action (4:01-CR-3040), have never been named in any of Respondent(s)-warrant(s), Indictment(s), Judgment Order(s) or any other documents of Respondent(s)."; (7) "Petitioner's Liberty is under immediate & future threat & at stake and an irreversible harm & Fraud continues accruing against Petitioner & Petitioner is just here to collect the judgment via Respondent(s) admissions to all of Petitioners 'PROOF OF CLAIM(S)' attached & located in the Secured Lien(s) exhausted administrative remedies CAFV private administrative process via as to any remaining monetary judgment/fine/penalty, a non-response and/or failure to provide PROOF OF CLAIM has constituted Respondent(s) agreement that the remaining judgment/monetary penalty may be Accepted For Value . . ."; (8) "Petitioner is illegally & unlawfully detained by Respondent(s) agent Michael P. Norris.  Privileged Anthony-Steven Petitioner is entitled to exemption from arrest and/or imprisonment."; (9) "Secured Party/Creditor Petitioner has/is been/being deprived of his property without due process of law." (Petition, at 4-8.)

I.      Failure to State a Claim for Relief

     A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing court has jurisdiction*.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal

conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  Additionally, in a federal habeas corpus petition, the proper respondent is the petitioner's "immediate custodian."  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992), quoting Demjanjuk v. Meese, 784 F.2d 1114, 1115 (D.C.Cir.1986).

Here, the Court cannot ascertain the nature of Petitioner's claims as set forth in the petition.  Although Petitioner states that he has never been indicted or convicted, he is nonetheless in federal custody.  In order for Petitioner to proceed under § 2241, Petitioner must file an amended petition setting forth the factual background which lead to his incarceration at Atwater Federal Prison and then provide the legal claims upon which seeks to challenge the manner, location, or conditions of the federal sentence's execution.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Petitioner shall file an amended petition; and

2. Failure to comply with this order will result in a recommendation that the instant petition be dismissed for failure to state a cognizable claim under § 2241 and for failure to comply with a court order.  Local Rule 11-110.

IT IS SO ORDERED.

Dated: **November 29, 2006**        **/s/ Dennis L. Beck**
3b142a                              UNITED STATES MAGISTRATE JUDGE