# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY-STEVEN WRIGHT, | CV F   06-1365 OWW DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S MISCELLANEOUS MOTIONS |
| v. | [Docs. 4,5,8,9,10] |
| UNITED STATES OF AMERICA, et.al., | |
| Respondents. | |

     Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

     On October 5, 2006, Petitioner filed a motion for an emergency hearing and a motion for the issuance of subpoenas duces tecum. (Court Docs. 4, 5.) On November 6, 2006, Petitioner filed a motion for immediate assistance, motion for movants to accept his § 2241 petition, and motion for Respondents to return legal paperwork. (Court Docs. 8, 9, 10.)

     With regard to Petitioner's motion for an emergency hearing, Petitioner requests that the Court grant him relief on his petition. Petitioner is advised that in an order issued concurrently herewith, the Court has found Petitioner's petition to be deficient and has directed that an amended petition be filed. Accordingly, there is no hearing necessary in the instant case, and Petitioner's motion is DENIED.

     With regard to Petitioner's motion for the issuance of subpoenas duces tecum, it is too without merit. Petitioner is advised that unlike other civil litigation, a habeas corpus petitioner is

1  not entitled to broad discovery.  Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97
2  (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969).  Although discovery
3  is available pursuant to Rule 6, it is only granted at the court's discretion, and upon a showing of
4  good cause.  Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127
5  F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of
6  the Rules Governing Section 2254.   The Advisory Committee Notes to Rule 6 of the Rules
7  Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas
8  corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery
9  provisions.  Rule 6, Advisory Committee Notes (quoting Harris, 394 U.S. at 295, 89 S.Ct. at
10  1089).  Based on the foregoing, Petitioner's request for discovery, is DENIED.
11       In his motion for immediate assistance, Petitioner contends that he is currently placed in
12  the security housing unit, and prison officials are retaliating against him.   Petitioner requests that
13  the Court issued an order to show cause.  Petitioner is in essence requesting a temporary
14  restraining order.  Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a
15  temporary restraining order.  The Court can issue a temporary restraining order if the moving
16  party has shown either "(1) a likelihood of success on the merits and the possibility of irreparable
17  injury, or (2) the existence of serious questions going to the merits and the balance of hardships
18  tipping in [the moving party's] favor."  Oakland Tribune, Inc. v. Chronicle Publishing Company,
19  Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), *quoting* Apple Computer, Inc. v. Formula
20  International, Inc., 725 F.2d 521, 523 (9th Cir. 1984).  The two formulations represent two points
21  on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland
22  Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must demonstrate that
23  there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing
24  of irreparable injury, the Court need not reach the issue of likelihood of success on the merits.
25  Id.  To obtain a preliminary injunction, a party must demonstrate either 1) a combination of
26  probable success on the merits and the possibility of irreparable injury, or 2) the existence of
27  serious questions going to the merits and that the balance of hardships tips sharply in its favor.
28  First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1381 (9th Cir.1987

1    Here, as previously stated, the Court is concurrently issuing an order directing Petitioner
2 to file an amended petition, as the Court cannot determine whether Petitioner has stated a claim
3 for relief under § 2241. Thus, the Court cannot determine the likelihood of success on the merits
4 or the existence of serious questions going to the merits. Further, Petitioner is seeking to
5 challenge the conditions of his confinement, which must be raised via <u>Bivens v. Six Unknown
6 Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Accordingly, Petitioner's
7 motion for immediate assistance must be DENIED.

8    With regard to Petitioner's motion for "Movant's original filing 2241 in Docket Entry #1
9 in the above case be accepted," it is without merit, as Petitioner's petition for writ of habeas
10 corpus has been filed and reviewed by this Court. Accordingly, Petitioner's motion is without
11 merit.

12    Lastly, with regard to Petitioner's motion for Respondents to return his "42 legal pages
13 that were illegally confiscated by R. Luke on 10-6-06 mailroom officer," it too must be denied.
14 As with Petitioner's motion for assistance, Petitioner's instant motion is in essence a request for
15 a temporary restraining order. This motion is be DENIED for the same reasons that Petitioner's
16 motion for immediate assistance is be denied.

17    Based on the foregoing, Petitioner's motions, filed October 5, 2006, and November 6,
18 2006, are DENIED.

19    IT IS SO ORDERED.

20    Dated:   **November 29, 2006**          **/s/ Dennis L. Beck**
     3b142a                                    UNITED STATES MAGISTRATE JUDGE

3